## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL WARREN HAMILTON,

    Petitioner,

    v.                                                                    Civil Action No.:  SAG-24-3608

ATTORNEY GENERAL ANTHONY
BROWN,

    Respondent.

## MEMORANDUM ORDER

This case was initiated on December 12, 2024, upon receipt of Petitioner Michael Warren Hamilton's Petition for Writ of Habeas Corpus.  ECF No. 1.  Hamilton later filed a Motion to Proceed in Forma Pauperis (ECF No. 2), which shall be granted.  However, for the reasons that follow, the Petition will be dismissed.

Petitioner, who is currently incarcerated at Roxbury Correctional Institution, appears to challenge the constitutionality of state statutes, stating that his constitutional rights have been violated.  ECF No. 1 at 1.  He states that he "was forced to accept compelled benefits from the Government under threat, duress, and coercion."  *Id.* at 2.  He contends that this violates his rights because it imposes liability on him attached to receiving those benefits.  *Id.*  As examples, he cites use of federal reserve notes, a social security number, a driver's license, automobile insurance, health insurance, and registration of a vehicle.  *Id.*  Petitioner asserts that unless this Court issues a permanent injunction, the State of Maryland will continue to violate his rights.  *Id.*  He further requests that this Court order that:  (1)  he be placed on a "DO NOT DETAIN/DO NOT DISTRUB LIST" throughout the United States; (2) all his public records be removed from public access;

(3) that all of his constitutional rights be restored; and (4) that a permanent injunction be issued against the State of Maryland. *Id.* at 3.

The Court construes the Petition as one seeking a writ of mandamus. Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, this federal district court has no mandamus jurisdiction over State employees. *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987) (mandamus is only available if plaintiff has no other adequate means to attain relief); *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380 (2004) (discussing appellate court jurisdiction to issue mandamus to enforce District Court judgment); *see also South Carolina v. United States*, 907 F.3d 742, 754-55 (4th Cir. 2018) (discussing requirements for mandamus relief to issue). Thus, the Court has no jurisdiction to direct the State of Maryland to take Petitioner's requested actions. Petitioner may seek relief in the appropriate state court.

To the extent that Petitioner is asserting that he is beyond the jurisdiction of Maryland state courts or any other state court because he is Moorish-American, his argument is meritless. *See* ECF No. 1-1; *El v. Mayor New York*, No. 13–CV–4079 (SLT) (CLP), 2014 WL 4954476, at *5 (E.D. N.Y. Sept. 30, 2014) (citation omitted); *see Bond v. N.C. Dep't of Corr.*, No. 3:14–cv–379– FDW, 2014 WL 5509057, at *1 (W.D. N.C. Oct. 31, 2014) (explaining that "courts have repeatedly rejected arguments . . . by individuals who claim that they are not subject to the laws of the . . . individual States by virtue of their 'Moorish American' citizenship"). "Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or

2

a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.  These theories should be rejected summarily, however they are presented."  *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. White*, 480 F. App'x. 193, 194 (4th Cir. 2012) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions....").

Petitioner's purported status as a Moorish–American citizen does not enable him to violate state laws without consequence.  Thus, "the argument that a person is entitled to ignore the laws of the [State of Maryland] by claiming membership in the Moorish–American nation is without merit...."  *El v. Mayor of City of New York*, 2014 WL 4954476, at *5 (E. D. N.Y. 2014) (omission in original) (citation omitted) (internal quotation marks omitted).  Moreover, to the extent Petitioner intended to challenge his current detention, he has not provided sufficient information and the Court cannot assess such a claim.

Accordingly, it is this 26th day of March, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  The Petition for Writ of Habeas Corpus, construed as a petition for writ of mandamus, IS DISMISSED without prejudice;

2.  The Clerk SHALL SEND a copy of this Memorandum Order to Petitioner; and

3.  The Clerk SHALL CLOSE this case.

_____/s/_____
Stephanie A. Gallagher
United States District Judge